to those the subject of *United States* v. *Goldberg & Seltzer, Inc.* (36 C. C. P. A. 64, C. A. D. 399), the claim of the plaintiff was sustained.

**No. 54903.**—Fuchs Shoe Corp. *v.* United States, protest 164187–K (New York).

Opinion by FORD, J.   In accordance with stipulation of counsel that certain items of the merchandise consist of sisal handbags similar in all material respects to those the subject of *United States* v. *Goldberg & Seltzer, Inc.* (36 C. C. P. A. 64, C. A. D. 399), the claim of the plaintiff was sustained.

**No. 54904.**—Fuchs Shoe Corp. *v.* United States, protests 164188–K, 164190–K, and 165067–K (New York).

Opinion by FORD, J.   In accordance with stipulation of counsel that certain items of the merchandise consist of handbags similar in all material respects to those the subject of *United States* v. *Goldberg & Seltzer, Inc.* (36 C. C. P. A. 64, C. A. D. 399), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, NOVEMBER 30, 1950

**No. 54905.**—Leacock & Co., Inc. *v.* United States, protest 130715–K (New York).

Opinion by EKWALL, J.   It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currency involved in the liquidation of the entry for the date of exportation of the merchandise covered by the entry and that the circumstances relating to the liquidation of the said entry are similar in all material respects to those in Abstract 54732.   In view of this stipulation and following the cited decision it was held that the currency of the invoice should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

**No. 54906.**—American Thermo-Ware Company, Inc. *v.* United States, protest 151792–K (New York).